IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWIN ROMERO**, | **CIVIL ACTION** |
| Petitioner, | |
| v. | **NO. 08-0528-KSM** |
| **JEFFREY BEARD**, *et al.*, | |
| Respondents. | |

## ORDER

**AND NOW** this 2nd day of May, 2024, upon consideration of Petitioner Edwin Romero's Consolidated and Amended Petition for Writ of Habeas Corpus (the "Petition") (Doc. No. 81), Petitioner's Memorandum of Law in Support of the Petition (Doc. No. 89), the Commonwealth's Response to the Petition and Memorandum of Law (Doc. No. 91), and Petitioner's Reply in Support of the Petition (Doc. No. 94); following an evidentiary hearing on Claim 10 of the Petition and oral argument on all claims, which was held on September 5, 2023 and September 11, 2023; and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** as follows:

1. The Petition is **CONDITIONALLY GRANTED**, in part, as to Claims 8 and 13 only. This conditional grant applies only to Petitioner's conviction and incarceration for first degree murder arising out of Criminal Action Number 1827-1995 in the Court of Common Pleas of Lehigh County, Pennsylvania. This Order has no effect on Petitioner's incarceration for any sentence other than his sentence for first degree murder.

2. Execution of the writ is **STAYED** for 180 days from the date of this Order to permit the Commonwealth to commence a new trial on the first degree murder charge. If

Petitioner's new trial does not commence within the time specified, the writ shall issue, and the Commonwealth shall vacate Petitioner's conviction on the first degree murder charge.

      3.      The Petition is **DENIED**, in part, as to Romero's remaining claims for guilt phase relief.[1]

      4.      No certificate of appealability is issued with respect to any claim in the Petition other than Claims 8 and 13, on which the conditional grant of habeas relief rests, because jurists of reason would not debate the procedural or substantive dispositions of those claims.[2]

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____
**KAREN SPENCER MARSTON, J.**

---

[1] The Commonwealth previously withdrew its opposition to penalty phase relief on Claim 2 of the Petition and agreed to not pursue a new capital sentencing hearing. (Doc. No. 133.) Accordingly, the Court granted relief as to Claim 2, vacated Romero's death sentence, and found moot Romero's remaining claims for penalty phase relief. (Doc. No. 134.)

[2] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").